Docket Number 12–0359/AR be removed from this case and not be assigned to any case in the future, and the Clerk's office and counsel for both parties herein promptly ensure that the new docket number assigned to this case be noted on all pleadings filed to date in this matter.

No. 11–0303/MC. U.S. v. Thomas R. Lirley. CCA 201000502. Review granted on the following issue:

> A SPECIFICATION STATES AN OFFENSE ONLY IF IT ALLEGES EITHER EXPRESSLY OR BY IMPLICATION, EVERY ELEMENT OF THE OFFENSE. THE "TERMINAL ELEMENT" OF ARTICLE 134, UCMJ, IS AN ELEMENT OF THE OFFENSE THAT MUST BE PROVED BEYOND A REASONABLE DOUBT. SPECIFICATIONS 1, 2, AND 3 OF THE CHARGE DO NOT ALLEGE THE TERMINAL ELEMENT OF ARTICLE 134, UCMJ. DO THE SPECIFICATIONS FAIL TO STATE AN OFFENSE?

No briefs will be filed under Rule 25.

No. 11–0610/AR. U.S. v. Marcus Melchor. CCA 20100272. Review granted on the following issue:

> WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENT FROM THE SPECIFICATION OF CHARGE III CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. IS THE CHARGE FATALLY DEFECTIVE?

No briefs will be filed under Rule 25.

No. 12–0234/AF. U.S. v. Jason W. Terwilliger. CCA S31840. Review granted on the following issue:

> WHETHER APPELLANT'S PLEA OF GUILTY TO CHARGE II AND ITS SPECIFICATION WAS IMPROVIDENT BECAUSE THE SPECIFICATION OF CHARGE II FAILED TO ALLEGE ANY ONE OF THE THREE DISTINCTIVE ELEMENTS OF ARTICLE 134 AND THEREBY

FAILED TO MEET THE CONSTITUTIONAL NOTICE STANDARD SET FORTH IN *SCHMUCK v. UNITED STATES*, *HAMLING v. UNITED STATES*, AND *RUSSELL v. UNITED STATES*.

No briefs will be filed under Rule 25.

No. 12–0280/AR. U.S. v. Brandon A. Lopez. CCA 20090564. Review granted on the following issue raised by appellate defense counsel:

WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENT FROM THE SPECIFICATION OF CHARGE IV CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. IS THE CHARGE FATALLY DEFECTIVE?

And the following issue specified by the Court:

WHETHER THE UNITED STATES ARMY COURT OF CRIMINAL APPEALS ERRED BY PURPORTING TO AFFIRM A "REDUCTION TO THE GRADE OF PRIVATE E1" WHERE NO SUCH PUNISHMENT WAS ADJUDGED AT THE COURT–MARTIAL. SEE ARTICLE 66(c), UCMJ.

No briefs will be filed under Rule 25.

No. 12–0340/AR. U.S. v. Renaldo R. Febres. CCA 20100436. Review granted on the following issue:

WHEN THE GOVERNMENT FAILS TO ALLEGE AN ARTICLE 134 TERMINAL ELEMENT, THE CHARGE FAILS TO STATE AN OFFENSE UNLESS THE TERMINAL ELEMENT CAN BE "NECESSARILY IMPLIED" FROM THE LANGUAGE OF THE SPECIFICATION. THE MISSING TERMINAL ELEMENT FROM THE SPECIFICATION OF CHARGE VI CANNOT BE NECESSARILY IMPLIED FROM THE TEXT. IS THE CHARGE FATALLY DEFECTIVE?

No briefs will be filed under Rule 25.

